## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-205 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JUSTIN JAMES RODRIGUEZ, | |
| Defendant. | |

Kimberly M. Hare, Assistant Attorney General, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Caroline Durham, Assistant Federal Defender,, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Justin Rodriguez ("Rodriguez") seeks the suppression of evidence flowing from a search of his cousin Daniel Rodriguez's car and a subsequent alleged search of Rodriguez's cell phone while he was in the custody of Cass County authorities. (Def.'s Mot. to Suppress, Sept. 13, 2011, Docket No. 25; Def.'s Mot. to Suppress, Sept. 13, 2011, Docket No. 26.) In a Report and Recommendation ("R&R") dated October 6, 2011, United States Magistrate Judge Leo Brisbois recommended that the Court deny Rodriguez's motions. (Docket No. 34.) Following Rodriguez's timely objections, this Court reviews *de novo* the challenged portions of the R&R. 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. Because the Court finds that Rodriguez lacks standing to challenge

the search and that the inspection of his cell phone did not require a warrant, it will overrule his objections and adopt the R&R.

## BACKGROUND

In connection with state charges, the Fargo Police Department arrested Justin Rodriguez ("Rodriguez") on January 29, 2011, and placed him in the Cass County jail. (Hr'g Tr. 16, Dec. 9, 2011, Docket No. 41.)   Authorities confiscated and inventoried Rodriguez's personal property in connection with the arrest.  (*Id.* 15-16.)  The next day, for unrelated reasons, the Clay County District Court issued a warrant allowing police to search the residence and vehicle of Daniel Rodriguez, Justin Rodriguez's cousin.  The warrant identified a cell phone, jacket, and keys.  Law enforcement executed the warrant and found the missing items in Daniel Rodriguez's car.  After speaking with the owner of the cell phone, jacket, and keys, while still on the scene of the search, law enforcement learned that the owner of the items was also missing a pack of chewing tobacco.  The tobacco was not listed in the search warrant.

Law enforcement again searched the vehicle.  In doing so, the authorities moved a duffle bag from the floor of the back seat.  Under the duffle, the officers found a firearm. (*Id.* 10.)  Daniel Rodriguez told law enforcement that the firearm belonged to his cousin Justin Rodriguez, and that Justin Rodriguez had taken pictures of the gun on his cell phone.  The vehicle was entitled to Daniel Rodriguez.  Justin Rodriguez did not have keys in his possession, and he was not near the vehicle at the time of the search.  (*Id.*)

Law enforcement went to the Cass County jail to question Justin Rodriguez about this discovery. The officers also inspected Justin Rodriguez's cell phone at the jail. Law enforcement made a note of its model name, brand, and FCC ID number, located on the inside cover of the phone. (*Id.* 17.) To retrieve the FCC ID number, the officer removed the back cover of the phone. Law enforcement did not have a warrant to inspect Justin Rodriguez's phone. (*Id.* 19-20.) Later, law enforcement used the information about the phone to obtain a search warrant for its contents. (*Id.*)

Rodriguez now seeks suppression of evidence obtained as a result of the search of his cousin Daniel Rodriguez's car. Specifically, Rodriguez has moved to suppress his statements made during a January 29, 2011 custodial interrogation as, among other reasons, fruit of the unlawful search of Daniel Rodriguez's car on January 28, 2011. (Def.'s Mot. to Suppress at 2.) Rodriguez has also moved to suppress evidence flowing from the alleged warrantless search of his cell phone while he was incarcerated. (Def.'s Mot. to Suppress, at 3.)

## ANALYSIS

Rodriguez raises three principal objections to the R&R: (1) that he has a reasonable expectation of privacy in the property stored in the vehicle sufficient to support his standing to challenge the search, (2) that the search uncovering the weapon was unlawful because it exceeded the scope of the warrant, and (3) that the officer's inspection of his cell phone at the Cass County Jail was an unlawful search because it was conducted without a warrant.

## I.      STANDING TO CHALLENGE THE SEARCH

The Court must consider a number of factors in deciding whether a defendant had

a reasonable expectation of privacy allowing him to challenge the constitutionality of a

search.  *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994).  These factors include:

> ownership, possession and/or control of the area searched or item seized;
> historical use of the property or item; ability to regulate access; the totality
> of the circumstances surrounding the search; the existence or nonexistence
> of a subjective anticipation of privacy; and the objective reasonableness of
> the expectation of privacy considering the specific facts of the case.

*Id.* at 256.  The defendant bears the burden to prove a reasonable expectation of privacy

in the area searched.  *Id.*

The Court finds that Rodriguez did not have a reasonable expectation of privacy in

his cousin's car.  Rodriguez did not own the car, was not near the car when it was

searched, and did not have keys to the car.  *See id.* (finding that the defendant had no

reasonable expectation of privacy in a vehicle he did not own, even though he was

driving at the time of the search).  Indeed, Rodriguez makes no attempt to show that he

had a privacy interest in the **vehicle**; rather, Rodriguez argues that he had a reasonable

expectation of privacy in his personal property, which was located **inside** the vehicle.

This argument fails because law enforcement did not search Rodriguez's property,

namely the duffle bag; they simply moved it.  "The police do not seize property every

time they handle private property."  *United States v. VaLerie*, 424 F.3d 694, 706 (8th Cir.

2005).  Only some "meaningful interference" with an individual's possessory interest in

the property amounts to a seizure.  *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

Lifting the duffle bag does not amount to a meaningful interference with Rodriguez's possessory interest in it.

Rodriguez objects to the R&R's reliance on *United States v. Fischer*, in which the defendant sought to suppress a camera seized from his father's car.  2007 WL 853475, at *2 (D. Minn. Mar. 20, 2007).  There, the Court found that the defendant lacked standing because the vehicle did not belong to him, he was not present when the camera was seized, and he did not identify the camera as belonging to him.  *Id.*  Rodriguez points out that, unlike Fisher, he has consistently asserted his property interest in the duffel bag.  The Court need not address whether Rodriguez had a reasonable expectation of privacy in the contents of his duffle bag.  It is enough to observe that any reasonable expectation of privacy that Rodriguez may have had in the duffle bag is not tantamount to a reasonable expectation of privacy in the vehicle that law enforcement searched.  Because only the vehicle – and not Rodriguez's duffle bag – was searched, the Court concludes that Rodriguez lacks standing to challenge the constitutionality of the search.[1]

---

[1] Rodriguez's citation to *United States v. Randolph* is inapposite.  *See* 628 F.3d 1022, 1026 (8th Cir. 2011).  There, the Eighth Circuit found that Randolph **lacked standing** because he had disavowed any ownership interest in the vehicle searched and otherwise failed to demonstrate a reasonable expectation of privacy.  *Id.*  Rodriguez appears to infer from this holding that standing **does** exist where an individual affirmatively asserts a possessory interest in a place searched.  The rule is not so simple, however.  The expectation of privacy inquiry is holistic: defendants must demonstrate a "sufficiently close connection to the relevant places or objects searched" in view of the totality of the circumstances.  *Gomez*, 16 F.3d at 256 (enumerating relevant factors to consider).

## II.   SCOPE OF THE SEARCH

Because the Court finds that Rodriguez lacks standing to challenge the constitutionality of the search, it need not consider his objection that the search was unlawful because it went beyond the scope of the items enumerated in the warrant.[2]

## III.   CELL PHONE INSPECTION

Finally, Rodriguez argues that law enforcement's conduct in obtaining the FCC ID number from his cell phone while he was detained in the Cass County jail amounts to an unlawful search and seizure. "[D]etainees have no reasonable or legitimate expectation of privacy in effects being lawfully held by the police." *See United States v. Davis*, 657 F. Supp. 2d 630, 646 (D. Md. 2009) (citing *United States v. Lester*, 647 F.2d 869, 874-75 (8th Cir. 1981)). After a defendant is lawfully arrested, "the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed . . . ." *United States v. Edwards*, 415 U.S. 800, 807 (1974). Moreover, "[e]vidence legally obtained by one police agency may be made available to other such agencies without a warrant, even for a use different from that for which it was originally taken." *Lester*, 647 F.2d at 875.

Following Rodriguez's arrest on January 29, 2011, police took and inventoried his property, including the phone. Two days later, following the search of Daniel Rodriguez's car, a law enforcement agent retrieved Justin Rodriguez's cell phone from

---

[2] While the R&R similarly did not reach this issue, it noted that finding the second search to be lawful was the likely outcome. (R&R at 7.)

the jail and removed the back cover to obtain the FCC ID number.  Because the cell phone was held by police in connection with an undisputedly lawful arrest, Rodriguez had no reasonable expectation of privacy in the phone.  *See Lester*, 647 F.2d at 874-75 (noting Supreme Court's approval of warrantless search of an accused's effects at the stationhouse well after the time of the arrest).  The inspection of his phone was therefore proper.  *See id.*

Rodriguez's objection that removal of the cover from the phone is akin to a closed container search requiring a warrant, *see United States v. Chadwick*, 433 U.S. 1, 10-11 (1977) (discussing closed containers), would be relevant if the phone were not already in police custody pursuant to a lawful arrest.  It is true that the constitutional protection against unlawful searches and seizures applies regardless of how brief the unlawful intrusion: that the removal of the battery was "brief" would not render an otherwise unlawful search lawful.  But the duration of the search is irrelevant here because Rodriguez's property was already subject to search by virtue of its being held pursuant to a lawful arrest.[3]  *See Lester*, 647 F.2d at 874-75.  Because the Court finds the inspection of Rodriguez's phone to be proper, it follows that the inspection offers no basis on which to invalidate the later-obtained search warrant.

---

[3]  This discussion assumes without deciding that law enforcement's inspection of Rodriguez's phone, including removal of the battery, would constitute a "search" for Fourth Amendment purposes.  It is far from clear that visual inspection of the phone's interior is akin to a closed container search that would otherwise require a warrant.  *See United States v. Green*, 2011 WL 86681, at *3-4 (D. Mass. Jan. 11, 2011) (finding that removal of cell phone battery to obtain identifying numbers did not constitute a search requiring a warrant because intrusion was minimal).

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, the Court

**OVERRULES** Rodriguez's objections [Docket No. 42] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge dated October 6, 2011 [Docket No. 34].  **IT IS**

**HEREBY ORDERED** that:

1.      Defendant's Motion to Suppress Statements, Admissions and Answers

[Docket No. 25] is **DENIED**.

2.      Defendant's Motion to Suppress Evidence Obtained as a Result of Search

and Seizure [Docket No. 26] is **DENIED**.


DATED:   January 10, 2012                          ____s/ John M. Tunheim_____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                     United States District Judge