# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN JAMES RODRIGUEZ,<br><br>Defendant. | Criminal No. 11-205 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION AND MOTION FOR DISCOVERY** |

Jeffrey M. Bryan,[1] Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Justin James Rodriguez, Reg. No. 15946-041, United States Penitentiary – Atwater, Post Office Box 019001, Atwater, CA 95301, *pro se*.

Justin James Rodriguez pled guilty to the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and is currently serving a 108 month sentence. Rodriguez brings a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, raising a number of challenges. Rodriguez's alleges various grounds for relief relating to the evidence supporting his conviction, the circumstances of his guilty plea, and the performance of his attorneys. Because the grounds for relief Rodriguez raises were either waived by his guilty plea, procedurally barred because they were not raised on direct appeal, or fail on the merits, the Court will deny the motion. Rodriguez also brings a motion for discovery, which the Court will deny because Rodriguez has not shown that good cause warrants allowing the requested discovery.

---

[1] Mr. Bryan resigned from the United States Attorney's Office on August 16, 2013.

## ANALYSIS

I. **STANDARD OF REVIEW**

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Claims of ineffective assistance of counsel brought under Section 2255 are evaluated under the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). To prevail Rodriguez must establish that counsel's performance was deficient and that he suffered prejudice as a result. *Id.* To establish deficient performance, Rodriguez must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish prejudice, Rodriguez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]here is no reason for a court deciding an

ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

## II. RODRIGUEZ'S GROUNDS FOR RELIEF

### A. Ground One

Rodriguez's first ground for relief is entitled "Ownership of the Firearm" and asserts that Rodriguez was not present when police officers discovered the firearm and that none of Rodriguez's DNA or fingerprints were found on the firearm. (Mot. at 5.) While the basis of Rodriguez's ground for relief is not perfectly clear, the Court finds that it fails under any interpretation. To the extent that Rodriguez is challenging his conviction or sentence on the ground that he did not own the firearm, the claim fails because a conviction under 18 U.S.C. § 922(g)(1), by its terms, requires possession, not ownership. To the extent that Rodriguez is challenging the sufficiency of the evidence that could have been used to convict him at trial, Rodriguez waived such challenges by pleading guilty. *See United States v. Alvarado-Sanchez*, 383 F. App'x 576 (8th Cir. 2010) (per curiam). To the extent that Rodriguez contends that his plea was invalid because it was based on an insufficient factual basis and therefore violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure, Rodriguez could have raised the argument on direct appeal. *See United States v. Frook*, 616 F.3d 773, 775-76 (8th Cir. 2010). Therefore he cannot raise it in these proceedings absent a showing of cause and prejudice, *see Apfel*,

97 F.3d at 1076, which he cannot make because the factual basis for Rodriguez's guilty plea was unquestionably adequate, (*see* Plea Tr. at 9-13, Oct. 11, 2012, Docket No. 74).

### B. Grounds Two and Four

Rodriguez's second and fourth grounds for relief are entitled "Search and Seizure of Property" and "Suppression of Evidence," respectively. (Mot. at 6, 9.) The second ground alleges that an agent illegally searched Rodriguez's phone to obtain photos of Rodriguez holding the firearm. The fourth ground contends that the photos should have been suppressed. These grounds for relief are essentially identical and both rest on Fourth Amendment issues. But Rodriguez waived these Fourth Amendment arguments when he entered an unconditional guilty plea. *See United States v. Harner*, 628 F.3d 999, 1000 (8th Cir. 2011).

### C. Ground Three

Rodriguez's third ground is entitled "Entering a Guilty Plea under Duress." Rodriguez alleges that he was "under duress to take the plea deal," but agreed to do so "after constant pressure from [his attorney] and promises that she would get me no more than 72 months." (Mot. at 8.) Whether Rodriguez is claiming that his plea counsel provided constitutionally ineffective assistance or that his plea was invalid because it was not knowing and voluntary, the Court concludes that Rodriguez's claim fails.

Rodriguez's plea agreement indicated that Rodriguez faced a maximum term of imprisonment of ten years and that the guideline range for his offense would likely be 120-150 months. At the plea hearing, Rodriguez testified under oath that no one made

any promises to him other than those contained in the plea agreement in an effort to get him to plead guilty. (Plea Tr. at 17-18.) He also testified under oath that no one tried to force him to plead guilty and that he was doing so voluntarily. (*Id.* at 18.) Further, Rodriguez testified that he had been fully satisfied with the advice and the assistance that his attorney had provided. (*Id.* at 8.)

Putting aside any potential procedural limitations on Rodriguez's ability to advance this issue, the Court finds that Rodriguez's allegations do not entitle him to any relief because they are not sufficiently specific or supported to overcome the fact that they directly contradict Rodriguez's sworn statements during his plea hearing. *See United States v. Cole*, 389 F. App'x 565, 566 (8th Cir. 2010) ("[W]e conclude that the record is devoid of evidence to support Cole's argument that his plea was induced by promises as to his sentence, especially in light of his plea-hearing testimony disavowing any such promises."). The Supreme Court has explained that "dispositions by guilty plea are accorded a great measure of finality" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Therefore, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

In light of the record described above, the Court finds that Rodriguez's current allegations that he was coerced into pleading guilty by his attorney and that his attorney promised him he would receive a sentence of 72 months are conclusory and unworthy of belief. *See Pennington v. Housewright*, 666 F.2d 329, 332-33 (8th Cir. 1981). Therefore,

Rodriguez's allegations are insufficient to avoid summary dismissal. *See Allison*, 431 U.S. at 75-76.

Rodriguez's third ground also contains the allegation that the day after entering his plea, he asked his attorney over the phone to withdraw his plea and she refused to do so. (Mot. at 8.) Even assuming the truth of this allegation, which the Court construes as a claim of ineffective assistance of counsel, the Court finds that Rodriguez is not entitled to relief because Rodriguez cannot establish that he suffered prejudice as a result of counsel's refusal to allow him to withdraw his plea. After a guilty plea is accepted but before sentencing, a defendant may not withdraw the plea unless the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Buck*, 661 F.3d 364, 369-70 (8th Cir. 2011). Rodriguez has not explained the basis on which he would have moved to withdraw his plea, and nothing in the record or in Rodriguez's present filings indicate that a fair and just reason would have existed. There is not a reasonable probability that the Court would have allowed Rodriguez to withdraw his plea. *See United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." (internal quotation marks omitted)). Thus, Rodriguez has not established that he suffered prejudice as a result of his counsel's alleged refusal to allow him to withdraw his plea.

### D. Remaining Ineffective Assistance of Counsel Claims

In addition to the issues already discussed, Rodriguez's Section 2255 motion contains a number of allegations that could be construed as ineffective assistance of counsel claims. This is the appropriate proceeding in which to raise such claims, *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003), but the Court finds that they fail.

Rodriguez takes issue with his appellate counsel's performance, noting in several portions of his motion that he did not raise Grounds One through Four on appeal because he was not given an opportunity to read his appeal before it was filed. (Mot. at 5, 6, 7, 8, 9, 10, 11.) However, the Court cannot conclude that Rodriguez received ineffective assistance of appellate counsel on the basis that appellate counsel did not raise the arguments contained in Grounds One through Four because the Court has concluded above that each of those grounds is meritless. Therefore, the claims would have been rejected had they been raised on appeal and there is no showing of prejudice.

Finally, Rodriguez appears to raise the additional ground that he received ineffective assistance of counsel because his attorney at sentencing did not object to the presentence investigation report's reference to a prior kidnapping and assault. The Court finds that counsel's advocacy at sentencing, both in the position paper and at the hearing, was objectively reasonable. The Court's scrutiny of counsel's strategic choices is "highly deferential," *see Strickland*, 466 U.S. at 689, and the Court finds that counsel's decision to vigorously advocate for a lesser sentence on grounds unrelated to the appropriateness of the kidnapping reference was reasonable. Accordingly, the Court will deny Rodriguez's Section 2255 motion.

### III. MOTION FOR DISCOVERY

In connection with his Section 2255 motion, Rodriguez filed a motion for "all evidence and discovery that was used" in his criminal case. The Court will deny the request. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a habeas petitioner is entitled to discovery only upon a showing of good cause. *See id.*; *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a). Because the Court is able to conclude on the existing record that Rodriguez is not entitled to relief, the Court finds that Rodriguez has not demonstrated good cause for discovery. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) ("The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" (quoting *Bracy*, 520 U.S. at 909)). Rodriguez's motion for discovery is sweeping and he has not made specific allegations giving reason to believe that if the facts are fully developed he may be entitled to relief. *See Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004). For these reasons, the Court will deny Rodriguez's motion for discovery.

### IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such

a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court concludes that it is unlikely that reasonable jurists would find the issues raised in Rodriguez's motions debatable or that some other court would decide the motions differently. The Court therefore declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Rodriguez's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 81] is **DENIED**.

2. Rodriguez's Motion Requesting Discovery [Docket No. 83] is **DENIED**.

3. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Rodriguez's motions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 5, 2013         s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge