## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-205 (1) (JRT/LIB) |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |
| v. | |
| JUSTIN JAMES RODRIGUEZ, | |
| Defendant. | |

Richard Newberry, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

Justin James Rodriguez, Reg. No. 15946-041, Federal Detention Center, P.O. Box 5010, Oakdale, LA  71463, *pro se* defendant.

Petitioner Justin James Rodriguez pled guilty to a charge of felon in possession of a firearm and is currently serving a sentence of 108 months, followed by a supervised release term of three years.  Rodriguez moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 20, 2013.  The Court denied the motion.  This matter is now before the Court on Rodriguez's second motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The Court will deny the motion because it is a second or successive habeas petition that the Eighth Circuit did not certify as containing a new rule of retroactively-applicable constitutional law or newly discovered evidence sufficient to overturn Rodriguez's conviction.

# BACKGROUND

## I. PREVIOUS PROCEEDINGS

On June 21, 2011, Justin James Rodriguez was indicted for being a felon in possession of a firearm.  (Indictment, June 21, 2011, Docket No. 1.)  Rodriguez pled guilty to the offense.  (Plea Agreement & Sentencing Stipulations, Jan. 25, 2012, Docket No. 49.)  On August 23, 2012, the Court sentenced Rodriguez to 108 months imprisonment, followed by three years of supervised release.  (Sentencing J., Aug. 27, 2012, Docket No. 65.)  Rodriguez appealed, arguing that the sentence was substantively unreasonable, and the Eighth Circuit affirmed the judgment of the Court.  *United States v. Rodriguez*, 502 F. App'x 619, 620 (8th Cir. 2013).

Rodriguez filed his initial habeas petition pursuant to 28 U.S.C. § 2255 on May 20, 2013.  (Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, May 20, 2013, Docket No. 81.)  He advanced several arguments in his first petition, including that he received ineffective assistance of counsel because his attorney during sentencing did not object to the presentence investigation report's reference to a prior kidnapping and assault.  (Mem. Op. & Order Denying 28 U.S.C. § 2255 Mot. & Mot. for Disc. at 7, Dec. 5, 2013, Docket No. 85.)  The Court rejected all of Rodriguez's arguments and denied the first § 2255 petition.  (*Id.* at 1-7.)

## II. PROCEDURAL HISTORY

Rodriguez filed a second motion to vacate sentence under 28 U.S.C. § 2255 on June 12, 2014 ("2014 habeas petition"), arguing that his sentence should be reduced

because he received ineffective assistance of counsel at sentencing.  (Mot. to Vacate Sentence ("2014 Petition"), June 12, 2014, Docket No. 88.)  The 2014 habeas petition is based on Rodriguez's position that his counsel should have argued for a downward adjustment under the federal sentencing guideline providing for concurrent state and federal sentences for related offenses.  U.S. Sentencing Guidelines Manual § 5G1.3(c) (2014).  Rodriguez seeks to have his sentence vacated and remanded for re-sentencing.  (2014 Petition at 7.)  He alleges that he was told by his counsel before sentencing that he would be credited, for his federal sentence, with all of the time he had served since his arrest on January 29, 2011, in connection with a domestic dispute.  (*Id.* at 3-4.)  He explains that he recently discovered that 18 U.S.C. § 3585 does not allow the Bureau of Prisons ("BOP") to credit toward his current sentence any pre-sentence time served for another offense and credited against another sentence.  (*Id.* at 4.)  Additionally, Rodriguez argues that his claim for ineffective assistance of counsel did not become ripe until the Central Office of the BOP recently denied his request to credit pre-sentence time toward his term of imprisonment.  (*Id.*)

## ANALYSIS

I.    STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. SECOND OR SUCCESSIVE PETITION

### A. Section 2255's Language

The Court must first determine if it has jurisdiction to hear this action. If a prisoner files more than one habeas petition under § 2255, a district court may not hear the second habeas petition unless it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Once the district court has ruled on a federal prisoner's first habeas petition, a "second or successive" habeas petition must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.*; *see also United States v. Sellner*, 773 F.3d 927, 930-32 (8th Cir. 2014). Thus, although § 2255(h) contemplates that at least some second or successive habeas petitions will be properly considered by the district court, the appropriate court of appeals must

first certify that the subsequent petition contains newly discovered evidence or a new rule of constitutional law.

### B. Ripeness of Rodriguez's Ineffective Assistance of Counsel Claim

Rodriguez acknowledges that his first habeas petition raised an ineffective assistance of counsel claim and concedes that a district court lacks jurisdiction to hear a second or successive § 2255 petition that has not first been certified by the appropriate appeals court. (2014 Petition at 3-4.) These concessions notwithstanding, he argues that his 2014 habeas petition should not be barred as a second or successive petition, because his current ineffective assistance of counsel claim was not yet ripe at the time the Court adjudicated his previous petition.

"[T]he prohibition on 'second and successive' petitions does not foreclose a second petition that raises a claim that was 'unripe' at the time of the first federal habeas petition." *Morgan v. Javois*, 744 F.3d 535, 537 (8th Cir. 2013) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943-45 (2007)); *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013) ("[A] petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meanings of Sections 2244 and 2255(h)."). In evaluating whether a claim was ripe at the time of a previous § 2255 petition, courts must be

> careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the

>petitioner received ineffective assistance of counsel); only the former class
>of petitions escapes classification as "second or successive."

*Id.* at 902.  Accordingly, a claim is considered "unripe" at the time of an earlier § 2255 petition if the factual predicate on which the claim is based had not yet occurred.

In this case, the factual predicate on which Rodriguez's ineffective assistance of counsel claim is based had already occurred at the time he filed his previous habeas petition.  Rodriguez relies in his second § 2255 petition on a conversation he had with his defense counsel before sentencing took place – well before he filed his first habeas petition.  Although Rodriguez maintains that the factual predicate for his claim was not discoverable until the BOP denied his request for concurrent sentencing, his conversation with counsel had already taken place, and the statute preventing his sentences from running concurrently had been in effect since 1984.  Pub. L. No. 98-473, tit. II, § 212(a)(2), 98 Stat. 2001 (1984).  Thus, the basis for Rodriguez's claims was not undiscoverable; rather, he had not personally discovered it.  *See McCleskey v. Zant*, 499 U.S. 467, 498 (1991) ("If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant.  Omission of the claim [in his first habeas petition] will not be excused merely because evidence discovered later might also have supported or strengthened the claim.").  The Court therefore concludes that Rodriguez's current

ineffective assistance of counsel claim was ripe at the time of his first habeas petition, and the Court will deny the second petition as second or successive.[1]

Finally, the Court notes that even if new evidence supports a petitioner's claims for relief in a second habeas petition, a court cannot hear those claims without a pre-authorization order from the Eighth Circuit. 28 U.S.C. § 2255(h)(1); *Sellner*, 773 F.3d at 930-32. Rodriguez never obtained the Eighth Circuit's certification of his June 12, 2014 petition. Therefore, Rodriguez's petition is barred as second or successive and this Court has no jurisdiction to consider it.

## III.   CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in defendant's motion differently. The Court

---

[1] Rodriguez argues that his claim falls under an exception to the bar on second or successive habeas petitions outlined in *Panetti v. Quarterman*. In *Panetti*, the Supreme Court held that the bar on second or successive habeas petitions does not apply to a petitioner's claim of incompetency to be executed, when the first habeas petition is filed prior to the time the prisoner's date of execution is set. 551 U.S. at 945-47. Because *Panetti* is narrowly limited to claims for incompetency to be executed, *id.* at 947, and because the Court concludes that Rodriguez's claim was ripe at the time of his initial habeas petition, the Court will not apply *Panetti* to allow Rodriguez to overcome the statutory bar on second or successive habeas petitions.

- 8 -

therefore concludes that Rodriguez has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Section 2255 Motion to Vacate Sentence [Docket No. 88] is **DENIED**.

2. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Rodriguez's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 18, 2015             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                     United States District Judge